# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

Lyle W. Cayce
Clerk

No. 12-51146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFRAIN FRIAS-ALMANZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1670-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Efrain Frias-Almanza appeals the sentence imposed following his guilty plea conviction on one count of illegal reentry following a previous deportation. He was sentenced to 40 months of imprisonment and three years of supervised release. He contends that (1) the district court erred by considering his arrests in imposing an upward departure and (2) his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentences are reviewed for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court commits a significant procedural error by "selecting a sentence based on erroneous factors." *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012). Frias-Almanza did not object to the district court's consideration of his arrests, so our review is for plain error. *See United States v. Jones,* 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, Frias-Almanza must demonstrate that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we may exercise our discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Even if the district court erred in considering some of Frias-Almanza's prior arrests that were nothing other than the mere fact of an arrest, *see Harris*, 702 F.3d at 229, he has not shown that his substantial rights were affected. In support of the sentence, the district court cited Frias-Almanza's lengthy criminal history, which started when he was 15 years old. The court also observed that, although Frias-Almanza did not receive criminal history points for ten of his prior convictions, his criminal history category is still VI, based on 20 criminal history points. In light of the district court's discussion of other permissible factors when it imposed Frias-Almanza's sentence, he has failed to show a reasonable probability that he would have received a lesser sentence absent the court's consideration of his arrest record. *See United States v. Williams*, 620 F.3d 483, 495-96 (5th Cir. 2010). Finally, Frias-Almanza fails entirely to address whether any of the errors he alleges affected the fairness, integrity, or public reputation of judicial proceedings. He has not demonstrated plain error in the determination of his sentence. *See id.* at 496.

Frias-Almanza also claims that his sentence is substantively unreasonable. He argues that it is longer than necessary to achieve the 18 U.S.C. § 3553(a) sentencing factors. Specifically, he contends that the guidelines

adequately accounted for his sentence, emphasizing that six of his uncounted convictions were for driving with a suspended license. Frias-Almanza also notes that the instant offense is his first for illegal reentry, comparing it to a "relatively minor, trespassory conduct." Frias-Almanza further points out that he previously lived in the United States for 25 years, that he only returned illegaly because of his family, and that he will not return again because he is now aware of the penalties he faces.

Frias-Almanza failed to object to his sentence as substantively unreasonable, so this claim too is reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). We have previously rejected the contention that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Frias-Almanza's sentence is justified by the facts, and it advances the objectives of § 3553(a)(2), such as promoting respect for the law and affording adequate deterrence to criminal conduct. *See United States v. Rodriguez*, 660 F.3d 231, 234-35 (5th Cir. 2011); *United States v. Saldana*, 427 F.3d 298, 310 (5th Cir. 2005). Moreover, it is well within the range of variances and departures that we have upheld. *See*, *e.g.*, *United States v. Herrera-Garduno*, 519 F.3d 526, 532 (5th Cir. 2008); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.